JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Sylvia Lewis McKay | Fitness International LLC, d/b/a<br>LA Fitness |

| **(b)** County of Residence of First Listed Plaintiff     Berks | County of Residence of First Listed Defendant    Berks County |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>         THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Robin J. Gray, Esq.<br>P.O. Box 4322, Reading, PA 19606<br>(610) 689-0877 | D. Michael Beck, Esq.<br>3161 Michelson Drive, Suite 600<br>Irvine, CA 92612 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government<br>      Plaintiff | ☒ 3   Federal Question<br>      *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government<br>      Defendant | ☐ 4   Diversity<br>      *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*               *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | ☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1   Original<br>      Proceeding     ☐ 2   Removed from<br>              State Court     ☐ 3   Remanded from<br>              Appellate Court     ☐ 4   Reinstated or<br>             Reopened     ☐ 5   Transferred from<br>             Another District<br>             *(specify)*     ☐ 6   Multidistrict<br>             Litigation

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>42 U.S. C. 2000e, et seq. (Title VII)<br>Brief description of cause:<br>Plaintiff was terminated due to her race, African American |
|---|---|

| **VII. REQUESTED IN**<br>**COMPLAINT:** | ☐   CHECK IF THIS IS A **CLASS ACTION**<br>     UNDER RULE 23, F.R.Cv.P. | **DEMAND $** | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**    ☒ Yes    ☐ No |
|---|---|---|---|

| **VIII. RELATED CASE(S)**<br>**IF ANY** | *(See instructions):*    JUDGE | DOCKET NUMBER |
|---|---|---|

| DATE<br>05/19/2014 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT               APPLYING IFP            JUDGE                MAG. JUDGE

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: *1037 South Street, Reading, PA 19602*

Address of Defendant: *1183 Berkshire Blvd, Wyomissing, PA 19610*

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, *Robin J. Gray*, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: *5/19/2014*     _____     *PA 58725*
Attorney-at-Law     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *5/19/2014*     _____     *PA 58725*
Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Sylvia Lewis McKay : CIVIL ACTION

v. :

Fitness International LLC
d/b/a LA Fitness : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

_____     _____     _____
**Date**                 **Attorney-at-law**       **Attorney for**

_____     _____     _____
**Telephone**            **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SYLVIA LEWIS MCKAY** | : |
| **Plaintiff** | : |
| | : |
| **v.** | **: Civil Action No.** |
| | : |
| **FITNESS INTERNATIONAL LLC** | : |
| **d/b/a LA FITNESS** | **: JURY TRIAL DEMANDED** |
| **Defendant** | : |
| | : |

## COMPLAINT

AND NOW, comes the above named Plaintiff, Sylvia Lewis McKay, by and through her attorney, Robin J. Gray, and brings this action against the above named Defendant, and states the following in support thereof:

1.  Plaintiff Sylvia Lewis McKay (hereinafter referred to as McKay), is an adult citizen of the Commonwealth of Pennsylvania residing at 1037 South Street, Reading, Berks County, Commonwealth of Pennsylvania 19602.

2.  Defendant Fitness International LLC, d/b/a LA Fitness, (hereinafter referred to as "LA Fitness), is a national physical fitness company who properly conducts business at 1183 Berkshire Boulevard, Wyomissing, PA 19610.Highway, Reading, Berks County, Pennsylvania 19605.

3.  Defendant is at all relevant times collectively and/or individually Plaintiff's employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. '2000e, et seq ("Title VII") and the

Pennsylvania Human Relations Act, as amended, 43 P.S. 951 et seq ("PHRA").

## JURISDICTION AND VENUE

4. This court has jurisdiction n this matter pursuant to 28 U.S.C. 1331 and 1343 in that Plaintiff brings this action under Title VII. With respect to Plaintiff's state law claims, this court has supplemental jurisdiction pursuant to 28 U.S.C. 1367.

5. Venue properly lies with this court in that the violations of Plaintiff's rights under federal law occurred within the geographical boundaries of the United States District Court for the Eastern District of Pennsylvania.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff timely filed a charge and complaint of employment discrimination under Title VII with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").

7. More than one year has passed since Plaintiff filed her complaint of discrimination with the PHRC and charge of discrimination with the EEOC.

8. On or about February 26, 2014, Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission.

## FACTUAL ALLEGATIONS

9.  On or about October 18, 2006, McKay, an African American female was
    hired as a janitor at Defendant LA Fitness.

10. On or about June 2009, McKay was promoted to Lead Janitor by Eric
    Moyer who was a manager at LA Fitness.

11. After June 2009, Eric Moyer was promoted to District Manager and
    Brooke Curley became McKay's manager along with Jessica Stroup, the
    operations manager.

12. McKay had reported issues about Brooke Curley to upper management
    regarding inappropriate jobs McKay was expected to do; i.e. cleaning the
    men's room when men were present.

13. When McKay was hired, there were only (1 the number of African
    American workers) African American workers.

14. After June 2009, when Brooke Curley and Jessica Stoup were managing
    LA Fitness, they began terminating the African American workers.

15. At the end of 2009 until March 2012, Jessica Stroup continually harassed
    McKay, making McKay perform double the workload without giving
    McKay the additional hours to perform the work

16. Stroup would also continually complain about Sylvia always asking
    "where is Sylvia" "why isn't Sylvia doing things," etc.

17. On or about March 2012, McKay's hours were cut without reason, but her
    job responsibilities remained the same.

18.   Further, on or about March 2012, Stroup hired Ryan Peterson, a Caucasian
      Male initially as a janitor for LA Fitness.

19.   Peterson was to be trained to fill a management position.

20.   Stroup told Peterson that he was to train with McKay in her position as
      lead janitor so that he could learn all aspects of the job.

21.   Instead of training to learn McKay's position, Peterson replaced McKay in
      her position.

22.   Stroup cut McKay's hours under the guise that after Peterson was placed
      in the management position, McKay's hours would be restored.

23.   McKay's hours were never restored.

24.   At the time Peterson was hired in March 2012, McKay was the only
      African American janitor at LA Fitness.

25.   On or about May or June 2012, Peterson was promoted to Facility
      Supervisor.

26.   Instead of giving McKay her full hours back, Stroup had Peterson perform
      McKay's work as well as his new position as Facility Supervisor.

27.   Prior to Peterson's promotion, McKay contacted Stroup as well as Brooke
      Curley about Peterson's promotion and that he was not doing a good job
      and there were several complaints.  Instead of correcting Peterson,
      Peterson was promoted to Facilities manager.

28.  Although McKay had been an employee at LA Fitness since it opened in
     2006, she was not given the option to be promoted into a Facilities
     Managerial position. Instead, the job was given to Peterson, who did not
     have the experience, but who was a Caucasian Male.

29.  Stroup would treat McKay different than she treated Peterson or other
     Caucasian workers.

30.  Stroup placed unreasonable demands on McKay and was overly picky on
     anything McKay would do, whereas other Caucasian workers would not
     be subjected to the same scrutiny.

31.   Stroup would also make snide remarks about McKay and her work,
     whereas Stroup would not make the same remarks about Caucasian
     workers.

32.  Peterson asked Stroup about reinstating McKay's hours. Stroup did not
     answer Peterson, but stomped off into another room. Thereafter, Stroup
     started to treat Peterson and she did McKay because of Peterson's defense
     of McKay in the work place. (See Statement of Ryan Peterson attached
     hereto as Exhibit "A").

33.  McKay filed a Charge of Discrimination with the EEOC on or about
     March 2012 when McKay was demoted and replaced by Peterson.

34.  After filing the charge of discrimination, many of the racial comments and
     harassment increased toward McKay, trying to force McKay out of her
     employment with LA Fitness.

35. On or about December 2012, Peterson left LA Fitness due to the harassment he faced because he defended McKay.

36. After Peterson left LA Fitness, the eight hour shift was again available.

37. Although the eight hour shift was available, McKay was not offered the shift. Instead a new Caucasian cleaner was hired to start the eight hour shift, while McKay was still given forced to work her reduced hours and was no longer the lead janitor.

38. On or about December 23, 2012, McKay sent a letter to Brooke Curley, the district manager, stating her objection to another employee being hired for hours that McKay previously worked.

39. The response to McKay's letter was to terminate McKay on January 8, 2013 allegedly for poor work performance.

40. After McKay was terminated and the EEOC began investigating McKay's charge of discrimination, LA Fitness hired two African American janitors. However, prior to the EEOC investigation, LA Fitness terminated all of the African American janitors while under the management of Brooke Curley and Jessica Stroup.

41. As a result of LA Fitness' discriminatory and harassing treatment of McKay, McKay suffered severe economic losses.

42. As a further result of LA Fitness' discriminatory and harassing treatment of Plaintiff, Plaintiff suffered emotional harm.

## COUNT I
## RACIAL DISCRIMINATION
## UNDER THE PENNSYLVANIA HUMAN RELATIONS
## ACT

43.     Plaintiff hereby incorporates paragraphs 1 through 42 as if fully set forth at length herein.

44.     The actions of the aforesaid Defendant, by and through its agents, servants, workers, and/or employees, as herein described above, resulted in racially motivated hiring, promotion, and demotion practices, created a hostile work environment, and resulted in racial discrimination in violation of the PHRA.

45.     The actions creating said racial discrimination and hostile work environment, include, but are not limited to, those actions listed in the above- described paragraphs.

46.     As relief for Defendant's violation of Plaintiff's rights under Title VII, Plaintiff demands to be made whole, said relief to include, but not limited to, compensatory damages, past and future loss of wages, attorney's fees, costs, and such other relief as the court deems proper.

WHEREFORE, Plaintiff, Sylvia McKay, hereby requests this Honorable Court find in her favor and against Defendant for an amount in excess of $150,000.00, plus attorney's fees, interest, costs, and such other relief as the court deems equitable and just.

## COUNT II
## TITLE VII: RACIAL DISCRIMINATION

47. Plaintiff hereby incorporates paragraphs 1 through 48 as if fully set forth at length herein.

48. The actions of the aforesaid Defendant, by and through its agents, servants, workers, and/or employees, as herein described above, resulted in racially motivated hiring and promotion practices, created a hostile work environment, and resulted in racial discrimination in violation of the Title VII.

49. The actions creating said racial discrimination and hostile work environment, include, but are not limited to, those actions listed in the above- described paragraphs.

50. As relief for Defendant's violation of Plaintiff's rights under Title VII, Plaintiff demands to be made whole, said relief to include, but not limited to, compensatory damages, punitive damages, past and future loss of wages, attorney's fees, costs, and such other relief as the court deems proper.

WHEREFORE, Plaintiff, Sylvia McKay, hereby requests this Honorable Court find in her favor and against Defendant for an amount in excess of $150,000.00, plus attorney's fees, interest, costs, and such other relief as the court deems equitable and just.

Respectfully submitted

Robin J. Gray

# EXHIBIT A

STATEMENT OF RYAN PETERSON

I, Ryan Peterson, residing at 510 ½ Raymond St. Reading, Pa 19605 , hereby make this statement regarding my knowledge of facts associated with Ms. Sylvia McKay's employment with LA Fitness.

I was hired by LA Fitness on or about March 2012. I am a Caucasian male. I was initially hired as a janitor. I was to be trained to fill a management position. Jessica Stroup, the operations manager, hired me and told me that I was to train with Sylvia McKay in her position so I would learn all aspects of the job. Instead of training to learn Ms. McKay's position, I replaced Ms. McKay in her position. Ms. Stroup cut Sylvia's hours under the guise that after I was placed in the management position, Ms. McKay would be restored to her full hours. This did not happen.

On or about May or June of 2012, I was promoted to Facility Supervisor. However, instead of giving Sylvia her hours back, I was performing Sylvia's job as well as my job as Facility Supervisor. Sylvia never had her hours returned to her.

Ms. Stroup would constantly treat Sylvia, an African American female, different that she treated me or other Caucasian workers. Ms. Stroup placed unreasonable demands upon Sylvia, although her hours were cut and was overly picky on anything Sylvia would do, whereas other Caucasian workers would not be subjected to the same scrutiny.

Ms. Stroup would always make snide remarks about Sylvia, again being overly picky whereas she did not make such remarks about other Caucasian workers.

I asked Ms. Stroup one day about Sylvia and giving Sylvia her hours back. Ms. Stroup did not answer me, but stomped off and into another room. Thereafter, Ms. Stroup started to treat me as she treated Sylvia because of my defense of Sylvia in the workplace.

At the time of my employment, Sylvia McKay was the only African American employee in our department at LA Fitness. I have since learned that after Sylvia's filing of discrimination with the EEOC, LA Fitness has hired two African American janitorial workers. Until this time, LA Fitness and especially Ms. Stroup found it necessary to discriminate and chase out any African American workers.

Due to the retaliation by Ms. Stroup and my obtaining a higher paying job, I left my employment at LA Fitness on December 2012.

I verify that the statements made in this Statement are true and correct to the best of my knowledge and belief.

Ryan Peterson

Date: 12 / 10 / 13